THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. NANCY S. WILSON, Defendant-Appellant.

Fourth District    No. 4—85—0759

Opinion filed June 10, 1986.

Waaler & Evans, of Champaign, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn Klingler, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Defendant, Nancy S. Wilson, appeals a judgment of the circuit court of Champaign County entered on October 9, 1985, placing her on conditional discharge for the offense of driving under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501) and subjecting her to various conditions including the payment of costs and a fine. Included in the aforesaid payments which she was required to make were the following: (1) to the Traffic and Criminal Conviction Surcharge Fund of the State treasury, $20; (2) to Champaign County to finance its court system, $5; (3) to the Drivers Education Fund, $25; and (4) to the Violent Crime Victims Assistance Fund, $25. In addition to the foregoing, she was required to pay a fine assessed in the ordinary manner in the sum of $200. She appeals, contending that the legislation purporting to authorize the four listed assessments is unconstitutional. We disagree and affirm.

■ Defendant contends that the charges for the Traffic and Criminal Conviction Surcharge Fund and for Champaign County to finance its court system, although not labeled as taxes, are, in fact, taxes. She then maintains that legislation purporting to authorize the charges violates the provisions of article IX, section 2, of the Illinois Constitution of 1970 which require that subjects of taxation be classified reasonably and that the subjects in each class be taxed uniformly. Plaintiff notes that in *Boynton v. Kusper* (1986), 112 Ill. 2d 356, *Crocker v. Finley* (1984), 99 Ill. 2d 444, 459 N.E.2d 1346, and *Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 445 N.E.2d 1240, additional clerk's fees, for issuance of marriage licenses and filing petitions for dissolution of marriages, and fees for the administration of a decedent's estate, respectively, have been held actually to be taxes.

Section 5—9—1(c) of the Unified Code of Corrections provides for the payments to the Traffic and Criminal Convictions Fund and states:

"Every fine imposed in sentencing for a criminal or traffic offense, except an offense relating to parking or registration, or offense by a pedestrian, shall include an amount payable to The Traffic and Criminal Conviction Surcharge Fund of the State Treasury in accordance with the following table:

| Amount of fine | Amount of Penalty Assessment |
| --- | --- |
| Up to $59.99 | $4.00 |
| $60.00-$79.99 | $6.00 |
| $80.00-$99.99 | $8.00 |
| $100.00 or more | 10% of the total fine imposed. |

Such amounts payable to such fund shall be assessed by the court imposing the fine and shall be collected by the Circuit Clerk in addition to the fine and costs in the case. The Circuit Clerk shall distribute such amount collected on behalf of The Traffic and Criminal Conviction Surcharge Fund in accordance with the provisions of Section 9.1 of the 'Illinois Police Training Act.' " (Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(c).)

Section 9.1 of the Illinois Police Training Act (Ill. Rev. Stat. 1983, ch. 85, par. 509.1) provides for the routing of the moneys collected under section 5—9—1(c) into the designated fund which is to be used for various activities for training law enforcement and correctional officers of local governmental units. Ill. Rev. Stat. 1983, ch. 85, par. 509.

The foregoing provisions clearly indicate that the charges for the Traffic and Criminal Conviction Surcharge Fund are penal fines and not taxes. Section 5—9—1(c) is part of article 9, of chapter V, of the

Unified Code of Corrections. Chapter V is designated "Sentencing;" article IX is designated "Fines"; and section 5—9—1 is designated "Authorized Fines." Section 5—9—1(c) states that "every fine" described there "shall include an amount payable to" the fund. The table does speak of a "Fine" and a "Penalty Assessment," but the later portion of section 5—9—1(c) does say that the amounts payable to the fund are to be collected "in addition to the fine and costs." However, these words appear to be used to distinguish the surcharged portion of the fine from the portion of the fine determined by other portions of section 5—9—1. No contention is made that the surcharge is invalid because the use of the surcharged portion of the fine is earmarked for purposes different than that for which the nonsurcharged portion of the fine is used.

The status of the charge made to pay Champaign County for the operation of its court system is not as clear. It arises from a county resolution or ordinance, the existence of which is not disputed, enacted pursuant to section 25.45 of "An Act to revise the law in relation to counties," which states that the powers of counties shall include the power:

> "To enact by ordinance or resolution a $5 fee to be added to all fines imposed for the violation of The Illinois Vehicle Code or violations of similar provisions contained in county or municipal ordinances committed in the county. The proceeds of such additional $5 fee shall be used to finance the court system in the county." (Ill. Rev. Stat. 1983, ch. 34, par. 429.29.)

Thus, this charge is not stated to be a fine. Rather, it is stated to be a fee.

Unlike the fees charged in *Boynton, Crocker,* and *Mlade,* the foregoing fee is not paid for access to the courts or to enable the payer to exercise a right to a marriage license. The fee is imposed as a penalty for violating the law. In *Boynton* and *Crocker* those who either sought to marry or to divorce were not shown to be more likely to need the services of domestic violence prevention agencies. Those who have been found guilty of the offenses described in section 25.45 have all caused extra expense to the court system which is the beneficiary of the fund created. The relationship between the municipal traffic offenders and the court system in the county is a reasonable one within due process concepts.

■ The classification of municipal traffic offenders as persons to pay this fee while other offenders do not is a reasonable classification. Municipal traffic ordinance violations tend to impact the court system but the county never receives the fine money whereas the county usu-

ally receives the fine money for other offenses and sometimes receives the fine money for violations of State traffic laws committed within municipalities. (See *City of Decatur v. Curry* (1976), 65 Ill. 2d 350, 357 N.E.2d 1184; Ill. Rev. Stat. 1983, ch. 95½, par. 16—105.) The charge is uniform in operation as to those who are subject to it because it charges each the same amount. Even if section 25.45 be deemed a tax, it meets constitutional muster.

We hold that neither section 5—9—1(c) of the Unified Code of Corrections nor section 25.45 of the previously described act which concerns county government violate article IX, section 2, of the Illinois Constitution of 1970 (Ill. Const. 1970, art. IX, sec. 2). The monetary charges imposed on defendant pursuant to those statutory provisions were valid.

Defendant concedes that the charges of moneys to be paid to the Drivers Education Fund and the Violent Crime Victims Assistance Fund are fines and penalties and not taxes. Defendant contends that, nevertheless, the legislation providing for the foregoing fails to meet due process requirements because of the lack of relationship between the offenders who are subject to the charges and the entities which receive the fine money. She also maintains that the statutory provisions violate equal protection requirements because they classify offenders without a rational basis for doing so. We disagree.

The penalties to be paid to the Drivers Education Fund are provided for by section 16—104a of the Illinois Vehicle Code which states:

"Additional penalty for certain violations. There is added to every fine imposed upon conviction of an offense reportable to the Secretary of State under the provisions of subdivision (a) 2 of Section 6—204 of this Act, an additional penalty of $5 for each $40, or fraction thereof, of fine imposed. Four-fifths of each such additional penalty received shall be remitted within one month to the State Treasurer to be deposited into the Drivers Education Fund; the remaining one-fifth of each such penalty may be retained by whichever entity is authorized by law to receive the fine imposed." Ill. Rev. Stat. 1983, ch. 95½, par. 16—104a.

The Violent Crime Victims Assistance Fund is created by section 10 of the Violent Crime Victims Assistance Act (Ill. Rev. Stat., 1984 Supp., ch. 70, par. 510). It requires that when a person is convicted of listed crimes, an additional fine shall be imposed, and, when collected, the fine is to be remitted to the State Treasurer who shall place the moneys in the aforesaid fund. The fund is to be used in various ways to assist victims of violent crime. The four classes described are (1)

those convicted of an offense described in section 2(c) of the Crime Victims Compensation Act (Ill. Rev. Stat. 1983, ch. 70, par. 72(c)) for which the additional fine is $25; (2) those convicted of any other felony or misdemeanor except a conservation offense for which the additional fine is $20; (3) those convicted of offenses listed in section 6—205 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 6—205) and conservation offenses listed in article V of the Supreme Court Rules (103 Ill. 2d R. 501 *et seq.*) for which the additional fine is $10; and (4) certain other offenses listed in the Illinois Vehicle Code for which the additional fine is $3. Section 2(c) of the Violent Crime Victims Compensation Act lists the more serious criminal offenses and includes that of driving under the influence of intoxicating liquor, the crime for which the defendant was convicted.

The legislature has substantial discretion in setting the nature and the extent of penalties for criminal conduct. (*Rummel v. Estelle* (1980), 445 U.S. 263, 63 L. Ed. 2d 382, 100 S. Ct. 1133; *People ex rel. Carey v. Bentivenga* (1981), 83 Ill. 2d 537, 416 N.E.2d 259.) The additional fines to be paid to the Driver's Education Fund are proportioned according to the severity of the basic fine imposed by the court. Unless the statutory provisions for the basic fine were so grossly out of line as to violate due process or equal protection requirements in classifying the offenses, the application of the additional fines to be paid into that fund would not do so. The provision for the Violent Crimes Assistance Fund does not relate the severity of the additional fine to the seriousness of the underlying offense so directly but the classifications set forth in that legislation generally provide for larger additional fines for more serious offenses. Moreover, the amounts of additional fines earmarked for these two funds are very unlikely to be very large. Thus, no disparity between amount of fine and degree of culpability in regard to the various offenders is likely to work a substantial injustice.

We are unaware of a decision of a court of review in which the fact that the proceeds from a fine or penalty is earmarked for a particular fund serving a governmental purpose has affected the validity of the fine or penalty. In *People v. Handzik* (1951), 410 Ill. 295, 102 N.E.2d 340, legislation earmarking the proceeds of fines for violations of laws regulating the practice of medicine was held not to violate constitutional requirements for appropriations. No case has been called to our attention in which as here, unlike in *Boynton, Crocker,* and *Mlade*, fines or penalties are earmarked for a fund and a particular relationship has been required to exist between the offense for which the fine is imposed and the use to be made of the fund.

■ We hold that the foregoing legislation providing for additional fines and penalties to be paid into the Drivers Education Fund and the Violent Crime Victims Assistance Fund is valid. The circuit court properly assessed those additional fines in this case.

We recognize that the additional fines and penalties in issue here are charges to be superimposed upon basic fines provided for by other legislation. The additional fines and penalties have the same general characteristics as the basic fines to which they are attached but are not intended to be treated in exactly the same way. Furthermore, this court has held that such an additional fine is not subject to modification under the provision of section 5—9—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1005—9—2) and that a defendant is not entitled to credit against such a fine or penalty for time in custody prior to sentencing under the provisions of section 110—14 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 110—14). *People v. Bennett* (1986), 144 Ill. App. 3d 184; see also *People v. Williams* (1986), 142 Ill. App. 3d 266.

Defendant's sentence to conditional discharge with the conditions which included the payment of the additional charges is affirmed.

Affirmed.

McCULLOUGH, P.J., and MORTHLAND, J., concur.