THIRD DIVISION
April 12, 2006

No. 1-04-2219

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 03 CR 27692 |
| | ) | |
| LEONARD JAMISON, | ) | Honorable |
| | ) | Patrick J. Morse, |
| Defendant-Appellant. | ) | Judge Presiding. |

OPINION UPON DENIAL OF REHEARING

JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant Leonard Jamison was convicted of burglary and sentenced to six years' imprisonment. On appeal, defendant argues: (1) the trial court erred in imposing a $20 fine against him that was not permitted by law; (2) the court erred in failing to award him $5-per-day presentence credit toward the $4 additional penalty assessed against him; and (3) the compulsory extraction and perpetual storing of his DNA under section 5-4-3 of the Unified Code of Corrections (the Code) (730 ILCS 5/5-4-3 (West 2002)) violated his fourth amendment right to be free from unreasonable searches. For the following reasons, we affirm as modified.

Because defendant does not challenge the evidence to sustain his conviction, we briefly set forth a summary of the facts underlying his conviction. The evidence at trial established that defendant was observed closing the door of Mark Wheeler's Ford Explorer on November 30, 2003. Wheeler then discovered three rented DVDs were missing from the front seat of his car.

1-04-2219

When defendant was stopped by police shortly thereafter for a traffic violation, Wheeler informed the officer of the theft. The plastic bag containing these DVDs and the receipt bearing Wheeler's name were found in defendant's car. Defendant did not have permission to enter Wheeler's vehicle or take the DVDs.

After the court found defendant guilty of burglary, it denied defendant's motion for a new trial. At a subsequent sentencing hearing, the court then sentenced defendant as a Class X offender to six years' imprisonment and assessed costs and fees against defendant totaling $549.00. Following sentencing, defendant did not file a motion to reconsider or reduce his sentence and thus, never raised an objection regarding fines or credit due to him. In fact, defense counsel informed the trial court of the appropriate monetary charges to be assessed against defendant stating, "Judge, I'll prepare a DNA order, and the costs are going to be $549,00." Defendant then filed this timely appeal.

ANALYSIS

Defendant contends that the compulsory extraction and subsequent storing of his DNA pursuant to section 5-4-3 of the Code (730 ILCS 5/5-4-3 (West 2004)) constitutes an unreasonable search, violating his fourth amendment rights. Our supreme court recently rejected this exact claim and upheld the constitutionality of the statute in People v. Garvin, No. 99031 (Ill. March 23, 2006). Therefore, defendant's argument fails.

Defendant next challenges the court's imposition of the $20 fine for the Violent Crimes Assistance Fund (725 ILCS 240/10(c)(2) (West 2004)). He argues that it was erroneously assessed because the trial court also imposed a $4 fine for the Traffic and Criminal Conviction

2

1-04-2219

Surcharge Fund (730 ILCS 5/5-9-1(c-9) (West 2004)),[1] and the $20 fine may only be imposed if "no other fines" are imposed (725 ILCS 240/10(c)(2) (West 2004)).

Whether defendant is entitled to the credit is a question of statutory interpretation. The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature and that inquiry begins with the plain and ordinary meaning of the statute. People v. Campa, 217 Ill. 2d 243, 252, 840 N.E.2d 1157, 1164 (2005). Although defendant is correct that the $20 fine *applies only where no other fine is imposed* **725 ILCS 240 10 c West 2004**, he misconstrues the nature of the $4 additional penalty as set forth in section 5-9-1(c-9) of the Code (730 ILCS 5/5-9-1(c-9) (West 2004)). The statute provides in pertinent part as follows:

---

[1] We note that this $4 additional penalty was added to the statute effective June 20, 2003. Pub. Act 93-32, eff. June 20, 2003 (adding 730 ILCS 5/5-9-1(c-9). Thus, this section was in effect at the time of defendant's crime and conviction. However, the legislature later eliminated section 5-9-1(c-9) in its entirety and replaced it with "(Blank)" effective August 22, 2005. Pub. Act 94-652, eff. August 22, 2005 (amending 730 ILCS 5/5-9-1(c-9)). Accordingly, this $4 additional penalty no longer exists.

"(c-9)   There shall be *added to every fine* imposed in sentencing for a criminal * * * offense, * * * an *additional* penalty of $4 imposed.  * * * Such *additional* penalty of $4 shall be assessed by the court imposing *the fine* and shall be collected by the circuit clerk *in addition to any other fine*, costs, fees, and penalties in the case.  * * * The *additional penalty* of $4 *shall be in addition to any other fine*, costs, fees, and penalties and *shall not reduce or affect the distribution of any other fine*, costs, fees, and penalties."  730 ILCS 5/5-9-1(c-9) (West 2004).  (Emphasis added).

Thus, the plain language of the statute provides that the $4 assessment is an amount to be surcharged as an additional penalty; it is considered *after* the imposition of any basic fines provided for by other legislation.  Accordingly, in the present case, after the imposition of the $20 fine, an additional penalty of $4 was surcharged, and did not reduce or affect the distribution of the $20 fine.  Therefore, the circuit court properly assessed both the $20 fine and the $4 additional penalty.

Defendant next contends that the circuit court erred in failing to afford him a $5-per-day credit against the $4 additional penalty for the 31 days he spent in custody prior to sentencing. Defendant did not ask the circuit court to offset this monetary assessment with a $5-per-day credit for the days he spent in custody.  Nevertheless, we address this issue because defendant may raise the issue of credit on appeal even though he has not first applied for the credit in the circuit court. People v. Woodard, 175 Ill. 2d 435, 457-58, 677 N.e.2d 935, 946 1997 .

1-04-2219

Under section 110-14 of the Code of Criminal Procedure of 1963, for each day or part of a day spent in custody before sentencing, a defendant is entitled to a credit of $5 against fines imposed as a result of the conviction. 725 ILCS 5 110-14 (West 2004). Whether section 110-14 applies to a particular amount is a question of statutory construction. People v. Hare, 119 Ill. 2d 441, 447, 519 N.E.2d 879, 881 (1988). The plain language of section 110-14 provides that the credit is limited to "fines" and does not apply to any other amount such as costs or fees. 725 ILCS 5 110-14 (West 2002); People v. Stewart, 343 Ill. App. 3d 963, 980, 799 N.E.2d 1011, 1025 (2003). Section 5-9-1(c-9) imposes an "additional penalty" of $4 to be remitted to the State Treasurer and deposited into the Traffic and Criminal Conviction Surcharge Fund. 730 ILCS 5 5-9-1(c-9) (West 2004). Section 110-14 does not explicitly provide for credit against such an "additional penalty." 725 ILCS 5 110-14 (West 2004).

To resolve this issue we must determine whether the legislature intended the penalty to be treated as a fine, that is, a pecuniary punishment imposed as part of a sentence, or something else, like a fee or court cost, which is a charge taxed by a court, compensatory in nature. People v. Elizalde, 344 Ill. App. 3d 678, 682, 800 N.E.2d 859, 863 (2003); People v. Littlejohn, 338 Ill. App. 3d 281, 283, 788 N.E.2d 339, 341 (2003). The term "penalty" is defined as "punishment imposed on a wrongdoer, esp. in the form of imprisonment or fine." Black's Law Dictionary 1153 (7th ed. 1999). Thus, the popularly understood meaning of "penalty" includes punishment in the form of a fine.

Nevertheless, the State maintains that although the legislature uses the term "penalty" in the statute, it intended for penalties to be separate and distinct from fines and, therefore, not subject to the $5-per-day credit. In support of its argument, it cites People v. Williams, 142 Ill. App. 3d 266,

5

275, 481 N.E.2d 941, 946 1986 , in which the court considered a similar subsection of a prior version of section 5-9-1 and found that the statutory language in force at that time evinced a legislative intent to distinguish the amount payable from a fine. The State maintains that the same rationale can be applied here to hold that defendant is not entitled to credit on the 4.

We find Williams inapposite because the present version of section 5-9-1 differs significantly from the version at issue in Williams. At the time Williams was decided, section 5-9-1 c-9 of the Code did not exist and the section the court relied upon, section 5-9-1 c , was drastically different. Compare Ill. Rev. Stat. 1986, ch. 38, par. 1005-9-1 c with 730 ILCS 5 5-9-1 c West 2004 . Section 5-9-1 c provided that every fine shall include an amount payable to the Traffic and Criminal Conviction Surcharge Fund. Ill. Rev. Stat. 1986, ch. 38, par. 1005-9-1 c . Whereas, the current version of section 5-9-1 c specifically refers to the amount assessed as an "additional penalty" and explicitly excludes the penalty from presentence credit. 730 ILCS 5 5-9-1 c West 2004 . Thus, the holding in Williams, distinguishing the amount payable to the Fund from a fine, was based upon the statutory language then existing, and not based upon the current language of section 5-9-1 c or c-9 which both assess a "penalty."

Furthermore, two months after Williams, in People v. Wilson, 144 Ill. App. 3d 290, 494 N.E.2d 849 1986 , the court, without discussing Williams, found that the amount payable to the Fund under section 5-9-1 c was a surcharge on the basic fine as determined by other legislation, but that the surcharge had the same general characteristics as the basic fine to which it was attached. Wilson, 144 Ill. App. 3d at 293, 296, 494 N.E.2d at 851, 853. Accordingly, for all of the foregoing reasons, the State's reliance on Williams is unpersuasive.

Additionally, we reject the State's argument that merely because the Fund was created for the

6

purpose of reimbursing law enforcement agencies, the legislature did not intend for the money collected for this Fund to be treated as a fine. The claim that all amounts assessed to reimburse the government are never treated as a fine is without foundation and is incorrect. Indeed, a portion of all fees, fines, costs, and additional penalties assessed are disbursed into the Traffic and Criminal Conviction Surcharge Fund. See 705 ILCS 105 27.6 West 2004 . Accordingly, the State's argument lacks merit.

Where there is no indication that the legislature intended to depart from the plain meaning of the statute, the additional penalty imposed on defendant is a pecuniary punishment in the nature of a fine. Thus, pursuant to section 110-14, the fine is to be offset by the 5-per-day credit. We note that when the legislature has chosen to exclude an amount from presentence credit under section 110-14 it has explicitly done so. See, e.g., 730 ILCS 5 5-9-1 c West 2004 "additional penalty shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing" 730 ILCS 5 5-9-1 c-5 "additional fee of 100 shall not be considered a part of the fine for purposes of any reduction in the fine for time served either before or after sentencing" . Had the legislature intended to exclude section 5-9-1 c-9 from the 5-per-day credit, the legislature could have specifically made such an exclusion. See People v. Fort, 362 Ill. App. 3d 1, 6, 839 N.E.2d 1064, 1069 2005 applying the same rationale to allow credit against a drug assessment .

Accordingly, pursuant to section 110-14, defendant should be awarded a credit of 4 against his Traffic and Criminal Conviction Surcharge Fund penalty because the amount of the credit may not exceed the amount of the fine. 725 ILCS 5 110-14 West 2004 . The sentencing order of the circuit court of Cook County shall be modified to reflect this credit. We otherwise affirm defendant's conviction and sentence.

*A*ffirmed as modified.

**HOFFMAN, P.J., and KARNEZIS, J., concur.**

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT
_____

**THE PEOPLE OF THE STATE OF ILLINOIS,**

    **Plaintiff-Appellee,**

    **v.**

**LEONARD JAMISON,**

    **Defendant-Appellant.**

_____

**No. 1-04-2219**

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: April 12, 2006**
_____

**OPINION UPON DENIAL OF REHEARING**

**JUSTICE THEIS delivered the opinion of the court.**
**Hoffman, P.J., and Karnezis, J., concur.**
_____

**Appeal from the Circuit Court of Cook County**
**Honorable Patrick J. Morse, Judge Presiding**
_____

**For APPELLANT,**       **Michael J. Pelletier, State Appellate Defender**
                          **Emily Atwood, Assistant Appellate Defender**

Office of the State Appellate Defender
203 N. LaSalle St., 24th Floor
Chicago, IL 60601

For APPELLEE,        Richard A. Devine, State's Attorney
James Fitzgerald, Assistant State's Attorney
Mary Boland, Assistant State's Attorney
Natosha Cuyler-Sherman, Assistant State's Attorney
300 Richard J. Daley Center
Chicago, IL 60602