THIRD DIVISION
May 17, 2006

No. 1-04-3362

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 01 CR 10799 |
| | ) | |
| ALFREDO GUTIERREZ, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge Presiding |

JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant Alfredo Gutierrez was convicted of aggravated battery with a firearm and aggravated unlawful use of a weapon and was sentenced to concurrent prison terms of six years and one year respectively. On appeal, defendant contends that the trial court's assessment of a $4 additional penalty pursuant to section 5-9-1(c-9) of the Unified Code of Corrections (the Code) (730 ILCS 5/5-9-1(c-9) (West 2004)), violated the *ex post facto* clause of the United States Constitution. Alternatively, defendant contends that the $4 is to be offset by the $5-per-day credit for the 27 days he spent in custody prior to sentencing. For the following reasons, we vacate the $4 penalty and otherwise affirm his convictions and sentences.

Defendant's convictions arose from a drive-by shooting on April 11, 2001, in which the victim, Martin Carranza, suffered a gunshot wound to his leg. Defendant has not raised any issues on appeal with respect to his convictions. Rather, defendant challenges the court's

1-04-3362

imposition of the $4 additional penalty for the Traffic and Criminal Conviction Surcharge Fund (730 ILCS 5/5-9-1 (c-9) (West 2004) as violating *ex post facto* laws because it was an additional punishment not in effect at the time of defendant's offense. The State maintains that the penalty is not punitive in nature and therefore not in violation of the prohibition against *ex post facto* laws.

Imposition of a punishment greater than the one in effect when the offense was committed violates the prohibition of *ex post facto* laws under the United States Constitution. U.S. Const., art. I, §10. The ban against *ex post facto* laws applies only to laws that are punitive in nature, and does not apply to costs, which are compensatory in nature. People v. Bishop, 354 Ill. App. 3d 549, 561, 821 N.E.2d 677, 688-89 (2004).

The $4 additional penalty was added to the statute effective June 20, 2003. Pub. Act 93-32, eff. June 20, 2003 (adding 730 ILCS 5/5-9-1(c-9)). Thus, this section was not in effect at the time defendant committed the offenses for which he has been convicted and sentenced. Furthermore, in People v. Jamison, No. 1-04-2219, slip op. at 4-7 (Ill. App. April 12, 2006), this court recently rejected the State's argument that the $4 additional penalty is not punitive in nature. Rather, the court held that based upon the plain language of the statute, the $4 imposed is a pecuniary punishment in the nature of a fine. Accordingly, since the assessment of the $4 imposes a punishment greater than that in effect when defendant's offense was committed, we agree that it violates *ex post facto* laws.

For the foregoing reasons, we vacate the $4 penalty imposed for the Traffic and Criminal Conviction Surcharge Fund and direct the circuit court of Cook County to modify the sentencing

1-04-3362

order accordingly.  We otherwise affirm defendant's convictions and sentences.

Affirmed in part; vacated in part.

HOFFMAN, P.J., and ERICKSON, J., concur.

**THE PEOPLE OF THE STATE OF ILLINOIS,**

      **Plaintiff-Appellee,**

      **v.**

**ALFREDO GUTIERREZ,**

      **Defendant-Appellant.**

**No. 1-04-3362**

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: May 17, 2006**

**JUSTICE THEIS delivered the opinion of the court.**

**Hoffman, P.J., and Erickson, J., concur.**

**Appeal from the Circuit Court of Cook County**
**Honorable Kenneth J. Wadas, Judge Presiding**

| | |
|---|---|
| **For APPELLANT,** | **Michael J. Pelletier, State Appellate Defender** |
| | **Michael H. Orenstein, Assistant Appellate Defender** |
| | **Office of the State Appellate Defender** |
| | **203 N. LaSalle St., 24th Floor** |
| | **Chicago, IL 60601** |
| **For APPELLEE,** | **Richard A. Devine, State's Attorney** |
| | **James E. Fitzgerald, Assistant State's Attorney** |
| | **Paula Borg, Assistant State's Attorney** |
| | **Christopher James Petelle, Assistant State's Attorney** |
| | **300 Richard J. Daley Center** |
| | **Chicago, IL 60602** |