THIRD DIVISION
May 30, 2007

No. 1-04-2219

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellee, | ) | of Cook County. |
| | ) | |
| v. | ) | No. 03 CR 27692 |
| | ) | |
| LEONARD JAMISON, | ) | Honorable |
| | ) | Patrick J. Morse, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE THEIS delivered the opinion of the court:

Following a bench trial, defendant Leonard Jamison was convicted of burglary and sentenced to six years' imprisonment. On appeal, defendant argued: (1) the trial court erred in imposing a $20 fine against him that was not permitted by law; (2) the court erred in failing to award him $5-per-day presentence credit toward the $4 additional penalty assessed against him; and (3) the compulsory extraction and perpetual storing of his DNA under section 5-4-3 of the Unified Code of Corrections (the Code) (730 ILCS 5/5-4-3 (West 2002)) violated his fourth amendment right to be free from unreasonable searches. We affirmed his conviction and sentence and modified the sentencing order to reflect his entitlement to presentence credit toward the $4 penalty in People v. Jamison, 365 Ill. App. 3d 778, 850 N.E.2d 846 (2006). Subsequently, the supreme court decided People v. Jones, 223 Ill. 2d 569, 861 N.E.2d 967 (2006). Pursuant to its supervisory authority, the appellate court was directed to vacate its judgment in Jamison and

1-04-2219

reconsider the judgment in light of <u>Jones</u>. For the following reasons, we affirm the judgment of the circuit court as modified.

Because defendant does not challenge the evidence to sustain his conviction, we briefly set forth a summary of the facts underlying his conviction. The evidence at trial established that defendant was observed closing the door of Mark Wheeler's Ford Explorer on November 30, 2003. Wheeler then discovered three rented DVDs were missing from the front seat of his car. When defendant was stopped by police shortly thereafter for a traffic violation, Wheeler informed the officer of the theft. The plastic bag containing these DVDs and the receipt bearing Wheeler's name were found in defendant's car. Defendant did not have permission to enter Wheeler's vehicle or take the DVDs.

After the court found defendant guilty of burglary, it denied defendant's motion for a new trial. At a subsequent sentencing hearing, the court then sentenced defendant as a Class X offender to six years' imprisonment and assessed costs and fees against defendant totaling $549.00. Following sentencing, defendant did not file a motion to reconsider or reduce his sentence and thus, never raised an objection regarding fines or credit due to him. In fact, defense counsel informed the trial court of the appropriate monetary charges to be assessed against defendant stating, "Judge, I'll prepare a DNA order, and the costs are going to be $549,00." Defendant then filed this timely appeal.

ANALYSIS

Defendant contends that the compulsory extraction and subsequent storing of his DNA pursuant to section 5-4-3 of the Code (730 ILCS 5/5-4-3 (West 2004)) constitutes an

2

1-04-2219

unreasonable search, violating his fourth amendment rights. Our supreme court has rejected this exact claim and upheld the constitutionality of the statute in People v. Garvin, No. 99031 (Ill. March 23, 2006). Therefore, defendant's argument fails.

Defendant next contends that the circuit court erred in failing to afford him a $5-per-day credit against the $4 additional penalty for the Traffic and Criminal Conviction Surcharge Fund (730 ILCS 5/5-9-1(c-9) (West 2004))[1] for the 31 days he spent in custody prior to sentencing. Defendant did not ask the circuit court to offset this monetary assessment with a $5-per-day credit for the days he spent in custody. Nevertheless, we address this issue because defendant may raise the issue of credit on appeal even though he has not first applied for the credit in the circuit court. People v. Woodard, 175 Ill. 2d 435, 457-58, 677 N.E.2d 935, 946 (1997).

In People v. Jones, 223 Ill. 2d 569, 587, 861 N.E.2d 967, 978 (2006), our supreme court held that the presentence credit under section 110-14 of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-14 (West 2004), operates to offset the $4 Criminal/Traffic Conviction Surcharge under the Unified Code of Corrections (730 ILCS 5/5-9-1(c-9) (West 2004). Thus, defendant's $4 surcharge is offset here by his presentence credit.

Defendant next challenges the trial court's imposition of the $20 fine for the Violent Crime Victims Assistance Fund (725 ILCS 240/10(c)(2) (West 2004)). He argues that it was erroneously assessed because the $20 fine may only be imposed if "no other fines" are imposed

---

[1] We note that this $4 additional penalty was added to the statute effective June 20, 2003. Pub. Act 93-32, eff. June 20, 2003 (adding 730 ILCS 5/5-9-1(c-9). Thus, this section was in effect at the time of defendant's crime and conviction. However, the legislature later eliminated section 5-9-1(c-9) in its entirety and replaced it with "(Blank)" effective August 22, 2005. Pub. Act 94-652, eff. August 22, 2005 (amending 730 ILCS 5/5-9-1(c-9)).

1-04-2219

(725 ILCS 240/10(c)(2) (West 2004)), and the trial court imposed the $4 Criminal/Traffic

Conviction Surcharge.

The supreme court in Jones was not called upon to address this specific question.

Although defendant is correct that the $20 fine applies only where "no other fine is imposed" (725

ILCS 240/10(c) (West 2004)), we continue to hold that he misconstrues the nature of the $4 fine.

The statute provides in pertinent part as follows:

> "(c-9)   There shall be *added to every fine* imposed in sentencing
>
> for a criminal * * * offense, * * * an *additional* penalty of $4
>
> imposed.  * * * Such *additional* penalty of $4 shall be assessed by
>
> the court imposing *the fine* and shall be collected by the circuit
>
> clerk *in addition to any other fine*, costs, fees, and penalties in the
>
> case.  * * * The *additional penalty* of $4 *shall be in addition to any*
>
> *other fine*, costs, fees, and penalties and *shall not reduce or affect*
>
> *the distribution of any other fine*, costs, fees, and penalties."  730
>
> ILCS 5/5-9-1(c-9) (West 2004).  (Emphasis added).

Thus, the plain language of the statute provides that the $4 assessment is an amount to be

surcharged as an additional fine; it is considered *after* the imposition of any basic fines provided

for by other legislation.  Accordingly, in the present case, after the imposition of the $20 fine, an

additional penalty of $4 was surcharged, and did not "reduce or affect the distribution" of the $20

fine.  Therefore, the circuit court properly assessed both the $20 fine and the $4 additional

penalty.

4

1-04-2219

Accordingly, pursuant to section 110-14, defendant's $4 charge shall be offset by his presentence credit. The sentencing order of the circuit court of Cook County shall be modified to reflect this offset. We otherwise affirm defendant's conviction and sentence.

Affirmed as modified.

KARNEZIS and HOFFMAN, JJ., concurring.